

# IN THE
# TENTH COURT OF APPEALS

**No. 10-22-00381-CR**
**No. 10-22-00382-CR**
**No. 10-22-00383-CR**
**No. 10-22-00384-CR**
**No. 10-22-00385-CR**
**No. 10-22-00386-CR**
**No. 10-22-00387-CR**
**No. 10-22-00388-CR**

## IN RE STATE OF TEXAS EX REL. WILLIAM THOMPSON

### Original Proceedings

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court Nos. D39473-CR, D39475-CR, D39477-CR,**
**D39479-CR, D39481-CR, D39483-CR, D39485-CR, and D42003-CR**

## MEMORANDUM  OPINION

This Court's stay of the trial court's October 3, 2022 letter ruling, granting "Defendant's Amended Motion for Disclosure of Rule 702 Witnesses and Any Facts or Data Relied Upon by Said Witnesses," and the trial court's October 15, 2022 letter ruling, clarifying the October 3, 2022 letter ruling, is lifted.  Based on the record presented, we

deny the State's petition for writ of mandamus. *See In re Ellis*, No. 12-19-00185-CV, 2019 WL 2459153, at *4 (Tex. App.—Tyler June 12, 2019, orig. proceeding) (mem. op.) ("The extraordinary nature of the mandamus remedy and the requirement that a party seeking mandamus relief exercise diligence both mandate that arguments not presented to the trial court cannot first be considered in an original proceeding seeking mandamus." (quoting *In re Floyd*, No. 05-16-00491-CV, 2016 WL 2353874, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding) (mem. op.)); *see also In re Prodigy Servs., LLC*, No. 14-14-00248-CV, 2014 WL 2936928, at *3–4 (Tex. App.—Houston [14th Dist.] June 26, 2014, orig. proceeding) (mem. op.) (denying mandamus relief where the absence of a reporter's record meant there was no record of Prodigy's objections).


MATT JOHNSON
Justice


Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Petition denied
Opinion delivered and filed December 14, 2022
Do not publish
[OT06]

